UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH F. OLIVARES,

      Plaintiff,

v.                                           Case No. 17-13994


MICHIGAN COMPENSATION                       HON. AVERN COHN
AGENCY, MARK LONG,
MICHIGAN BOARD OF MAGISTRATES,
MAGISTRATE TJAPKES,
MICHIGAN COMPENSATION APPELLATE
COMMISSION, JAMES KENT and his
successors,

      Defendants.

_____/

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT

### I.

Plaintiff Joseph F. Olivares[1] proceeding pro se, has filed a complaint naming the

Michigan Worker Compensation Agency and others as defendants.  As best as can be

gleaned, plaintiff is suing to have orders issued by defendants "be removed as void of

2005."  He cites several provisions of Michigan law under the Michigan Workers' Disability

---

[1]A review of the Court's electronic filing system reveals that plaintiff is a frequent pro se filer in this district.  The majority, if not all, of plaintiff's complaints have been summarily dismissed.  See Olivares v. Performance Contr., et al., 02-74585; Olivares v. Fifteenth District Court, et al., 05-71275; Olivares v. Sutton, et al., 07-15201; Olivares v. Coy, et al., 12-10787, Olivares v. Tallahassee Police Dept., 14-10097; Olivares v. Leon, County, et al., 14-10098, Olivarez v. Michigan Workers Compensation Agency, 15-11004, and Olivarez v. Michigan Workers Compensation Agency, 17-10594.  Case number 15-11004 and 17-10594 were before the undersigned and in both cases plaintiff sued the Michigan Worker's Compensation Agency and others.  The Court dismissed both complaints for many of the same reasons that the present case must be dismissed.

Compensation Act, the Michigan Constitution, and 42 U.S.C. § 1983  For the reasons that follow, the complaint will be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

II.

Plaintiff seeks to proceed in forma pauperis.  Based upon the information in plaintiff's "Application to Proceed In Forma Pauperis," the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status.

III.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional."  Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").  A district court may also dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  Apple

2

v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372 (1974).

Finally, the Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

IV.

The Court has read the complaint. It is virtually unintelligible. The complaint makes mention that his employer was ordered to pay "benefits" in 2000 and again in 2005 stemming from a medical issue plaintiff had in 1998. He alleges that defendants have violated his rights to due process. He seeks reinstatement of his benefits.

A.

First, and despite plaintiff's statements to the contrary, it appears he is seeking to relitigate events that occurred relating to a workers' compensation claim in state court, the complaint is barred by the Rooker-Feldman doctrine. Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486, 103 S. Ct. at 1317; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476, 103 S. Ct. at 1311.

B.

As to a claim under § 1983, putting aside any issues of immunity that certain

defendants may enjoy, a claim under § 1983 is barred by the statute of limitations. Michigan's three year statute of limitations for personal injury claims, M.C.L. § 600.5805(10), governs section 1983 actions when the cause of action arises in Michigan.  Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986), cert. denied, 479 U.S. 923 (1986).  As best as can be gleaned, plaintiff is complaining about conduct that occurred as early as 1998 and as late as 2005, all of which is more than three years ago.

C.

Moreover, to the extent that plaintiff's federal claim is construed as a state law claim seeking rights under state law, particularly Michigan's workers' compensation statute, the Court lacks subject matter jurisdiction over such a claim.

V.

Accordingly, the complaint is DISMISSED.  The Court also certifies that any appeal from this decision could not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated:  December 17, 2017
       Detroit, Michigan